J-S48020-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: L.J.B., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: L.J.B. | : | No. 1968 WDA 2014 |

Appeal from the Order October 31, 2014,
Court of Common Pleas, Venango County,
Criminal Division at No(s): J.V. No. 141-2007 and J.V. No. 45-2011

BEFORE:  PANELLA, DONOHUE and WECHT, JJ.

MEMORANDUM BY DONOHUE, J.:                   **FILED AUGUST 18, 2015**

Appellant, L.J.B., appeals from the order entered on October 31, 2014 by the Court of Common Pleas, Venango County, committing him to one year of involuntary inpatient treatment for sexually violent behavior, in accordance with 42 Pa.C.S.A. § 6403 ("Act 21").[1]  After reviewing the record, we affirm.

A summary of the relevant facts and procedural history is as follows. From 2007 to 2008, L.J.B. was adjudicated delinquent of several offenses, including criminal mischief, 18 Pa.C.S.A. § 903(a)(1), theft from a motor vehicle, 18 Pa.C.S.A. § 3934(a), possession of a weapon on school property, 18 Pa.C.S.A. § 912, and access device fraud, 18 Pa.C.S.A. § 4106(a)(1)(iii). In 2009, a juvenile court adjudicated L.J.B. delinquent for involuntary

---

[1]  Section 6403 is part of a statute commonly referred to as Act 21, **see** 42 Pa.C.S.A. §§ 6401-09, "which sets forth a comprehensive scheme for treating sexually violent juveniles before they 'age out' of the juvenile system." **See In re K.A.P.**, 916 A.2d 1152, 1156 n.3 (Pa. Super. 2007).

deviate sexual intercourse, which would have been a violation of 18 Pa.C.S.A. § 3123(b), a felony of the first degree, if committed by an adult. In 2011, a juvenile court adjudicated L.J.B. delinquent for indecent assault, which would have been a violation of 18 Pa.C.S.A. § 3126(a)(7), a misdemeanor of the first degree, if committed by an adult. As a result of his adjudications, L.J.B. resided in several treatment facilities for adolescents from 2008 to 2014, including Pathways Adolescent Center/Independent Living Program, Hermitage House ADAPT program, and Cove Prep, where he participated in sexual offender treatment as well as drug and alcohol counseling.

L.J.B. turned twenty years old on February 23, 2014. At that time, L.J.B. remained in placement at Cove Prep. After a juvenile dispositional review hearing on July 11, 2014, the trial court determined that the Venango County Solicitor's Office (the "County") had established a prima facie case that L.J.B. was in need of involuntary commitment for treatment under Act 21, and directed the County to petition the court for involuntary commitment of L.J.B. for treatment. On July 24, 2014, the County filed a petition for involuntary treatment pursuant to Act 21.

At the Act 21 hearing on October 27, 2014, the County introduced testimony by Cathy Clover ("Clover"), a licensed psychologist and board member of the Pennsylvania Board of Probation and Parole Sexual Offenders Assessment Board ("SOAB"). Clover opined that L.J.B. did not suffer from a

mental abnormality, but did suffer from anti-social personality disorder. N.T., 10/27/14, at 37-38.  Clover testified that L.J.B. exhibited a persistent and pervasive pattern of disregard and violation of the rights of others, which is indicative of an adult anti-social personality.  *Id.* at 38-42.  Clover found that L.J.B. failed to conform to social norms, as evidenced by his numerous arrests; failed to conform to the rules and expectations of his placements by smuggling a cell phone and drugs into the facility and "signing into work and then leaving to meet his girlfriend"; engaged in reckless disregard for the safety of himself, evidenced by his substance abuse, by sexually assaulting others, and by having sex with his girlfriend in the presence of her two young children; repeatedly failed to sustain work behavior; and lacked remorse.  *Id.* at 39-40.  Clover also testified that anti-social personality disorder "significantly increases the likelihood of engaging in any general criminologic behavior but especially sexual inappropriate behavior as one of those types of behavior."  *Id.* at 44.

L.J.B. introduced expert testimony by Dr. Timothy P. Foley ("Dr. Foley"), a licensed psychologist.  Dr. Foley testified that although L.J.B. exhibited traits of anti-social personality disorder, he could not, within a reasonable degree of certainty, conclude that L.J.B. suffered from anti-social personality disorder that would make him likely to engage in sex offenses, stating:

> Personality disorders are hypothesized to last forever. Can we give him a diagnosis today that we think will stand the test of time or reasonably would stand the test of time for the rest of his life or at least until his 40's and I have real question marks about that. … So, are there some anti-social traits? Yes. Within a reasonable degree of certainty do I think those anti-social personality traits will persist and make him likely to perpetrate sex offenses? No.

*Id.* at 113-14. Dr. Foley also opined that L.J.B. has a higher risk of relapsing with drugs and alcohol than he does for sex offending. *Id.* at 104.

On October 31, 2014, the trial court entered an order, finding by clear and convincing evidence that L.J.B. was in need of involuntary treatment under Act 21 due to antisocial personality disorder, which results in his serious difficulty in controlling sexually violent behavior and makes him likely to engage in an act of sexual violence. The trial court noted that "[i]n making [its] determination, the court accept[ed] as credible the report and testimony from [] Clover." Trial Court Order, 10/31/14, at 7.

L.J.B. filed a timely notice of appeal on November 26, 2014, raising the following issue for our review:

> Did the trial court err as a matter of law or abuse its discretion in ordering involuntary treatment under Act 21 when the weight of the evidence showed that due to [L.J.B.'s] age and history, he should not have been diagnosed with anti-social personality disorder; that the County's expert used inappropriate analytical techniques in diagnosing [L.J.B.] with anti-social personality disorder; that [L.J.B.'s] diagnosis of anti-social personality disorder does not result in him having serious difficulty controlling sexually

> violent behavior that then makes him likely to engage in an act of sexual violence in the future?

L.J.B.'s Brief at 9.

To prevail on a petition under Act 21, the moving party must establish by clear and convincing evidence that the individual:

> (1) Has been adjudicated delinquent for an act of sexual violence which if committed by an adult would be a violation of 18 Pa.C.S.[A.] § 3121 (relating to rape), 3123 (relating to involuntary deviate sexual intercourse), 3124.1 (relating to sexual assault), 3125 (relating to aggravated indecent assault), 3126 (relating to indecent assault) or 4302 (relating to incest).
>
> (2) Has been committed to an institution or other facility pursuant to section 6352 (relating to disposition of delinquent child) and remains in any such institution or facility upon attaining 20 years of age as a result of having been adjudicated delinquent for the act of sexual violence.
>
> (3) Is in need of involuntary treatment due to a mental abnormality or personality disorder which results in serious difficulty in controlling sexually violent behavior that makes the person likely to engage in an act of sexual violence.

42 Pa.C.S.A. § 6403(a).

In this case, L.J.B. does not contest that the first two subparagraphs of section 6403 were established. L.J.B.'s Brief at 12-13. L.J.B. admitted to and was adjudicated delinquent of involuntary deviate sexual intercourse, 18 Pa.C.S.A. § 3123, and indecent assault, 18 Pa.C.S.A. § 3126, both of which are included offenses under section 6403(a)(1). *Id.* Furthermore, L.J.B. does not dispute that he was in juvenile placement when he turned twenty

- 5 -

years old. *Id.* at 13; N.T., 10/27/14, at 5, 10. On appeal, L.J.B. assails the trial court's finding with respect to section 6403(a)(3), namely, that he is in need of involuntary treatment due to a personality disorder. L.J.B.'s Brief at 13. L.J.B. argues that the trial court's determination in this regard was against the weight of the evidence.

We review a weight of the evidence claim according to the following standard:

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the [fact-finder] is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the [factfinder's] verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Tejada*, 107 A.3d 788, 795-96 (Pa. Super. 2015) (quoting *Commonwealth v. Karns*, 50 A.3d 158, 165 (Pa. Super. 2012)).

L.J.B. contends that the trial court should have given more weight to Dr. Foley's testimony rather than Clover's testimony. L.J.B.'s Brief at 14-20. The record reflects, however, that the trial court heard all of the testimony and made its credibility determinations, choosing to credit Clover's

testimony that L.J.B. had antisocial personality disorder. As we are mindful of our "our obligation to respect the fact finder's credibility determinations and the weight it accords the evidence," we find no fault with the trial court's conclusion, based upon Clover's testimony, that L.J.B. was in need of involuntary treatment under Act 21 due to antisocial personality disorder. *See Renna v. Schadt*, 64 A.3d 658, 670 (Pa. Super. 2013). Finding no abuse of discretion, L.J.B. is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2015